IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
WESTERN DIVISION

**FREDERICK L. WILLIAMS**                                                         **PLAINTIFF**

v.                              **4:09-CV-00733-GTE**

**HEALTHCARE SERVICES GROUP, INC., ZURICH
INSURANCE COMPANY, and
ARKANSAS WORKERS COMPENSATION
COMMISSION**                                          **DEFENDANT**

## ORDER

This case is before the Court upon the motion of Plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court concludes that this case must be dismissed, without prejudice, rendering Plaintiff's motion moot.

### I.  Plaintiff's Complaint

Plaintiff claims that he suffered an injury on November 12, 1998, while employed in housekeeping and maintenance at Williams Nursing Home. He claims that his civil rights were violated, although he does not specify how, when, or by whom. He seeks an award of money damages to compensate him for his injuries. To his one page Complaint, Plaintiff has attached a single page from an opinion issued by the Arkansas Court of Appeals on November 10, 2004. The document indicates that Plaintiff was a party to a proceeding in the Arkansas Workers' Compensation Commission ("Commission") and that Healthcare Services Group, named as one of the Defendants in this case, was also a party. From the document, it also appears that Healthcare Services Group was the name of Plaintiff's employer and that an administrative law

judge considered but rejected Plaintiff's claim that he sustained an injury arising out of and during the course of his employment on November 12, 1998. The Arkansas Court of Appeals remanded the case to the Commission "for clarification of its orders."[1] There is nothing before the Court to indicate what happened on remand.

Plaintiff requests an award of money damages.

**II.    Discussion**

While 28 U.S.C. § 1915(a) allows for the commencement of a suit, without the prepayment of fees, the statute goes on to provide that "the court shall dismiss the case at any time" upon a determination that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction. A federal court cannot preside over any and all legal claims, but rather, the claims must be within the Court's subject matter jurisdiction. It appears that Plaintiff is attempting to invoke the Court's federal question jurisdiction. He has failed, however, to state a claim for relief within this Court's jurisdictional power.

Plaintiff alleges an unspecified violation of his civil rights, but he fails to allege any facts to support a claim that his civil rights were violated by any of the named Defendants. Plaintiff seeks damages for a personal injury he sustained at work and for which he has already attempted to recover damages in state court proceedings.

To the extent Plaintiff seeks damages for injuries arising out of his employment, his exclusive remedy was to pursue a claim of compensation before the Commission. *See Johnson v. Union Pacific R.R.*, 352 Ark. 534, 104 S.W.3d 745 (2003). Plaintiff apparently pursued such an

---

[1] Complaint, docket entry # 2, at 2.

action before the Commission and the Arkansas Court of Appeals. While the outcome of such litigation is unclear, well established legal principles prohibit him from initiating a new action to recover additional compensation for the same injuries or from challenging rulings or determinations made in the state court proceedings.

To the extent that either the Arkansas Court of Appeals or the Commission have made rulings or decisions about Plaintiff's ability to recover damages for the injuries he sustained on November 12, 1998, the Plaintiff may not seek an independent review in this Court of such rulings or decisions. The *Rooker-Feldman* doctrine bars federal district courts from hearing such actions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (lower federal district courts lack jurisdiction to review state court judgments). "The basis for the *Rooker-Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." *Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005) (citation omitted).

Additionally, the legal doctrine known as res judicata likely prevents Plaintiff from bringing additional claims against Healthcare Services Group, Inc. for damages in connection with the November 12, 1998, incident. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citation omitted). Res judicata bars litigation of a claim when: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was a final judgment on the

merits; and (3) the same cause of action and same parties (or their privies) were involved in both cases. *Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir. 2002) (citation omitted). All of the requirements appear to be met as to Plaintiff's claim against Healthcare Services Group, Inc.

Plaintiff may not recover money damages from the Commission. The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Finally, it appears that all of Plaintiff's claims are time-barred. A three year limitations period applies to Plaintiff's claim for violation of his civil rights. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). Plaintiff seeks damages for injuries that occurred on November 12, 1998. No basis for tolling the limitation period has been alleged. This action was not filed until November 4, 2009, well beyond the three year limitations period. Plaintiff cites to a case noting that a ten year limitations period applies to the enforcement of a judgment. *See Dodson v. Taylor*, 346 Ark. 443, 59 S.W.3d 710 (2001). Plaintiff's Complaint fails to include any information to suggest that he is attempting to enforce a Judgment, but instead seeks an award of money damages for violation of his civil rights. A three year limitations period therefore applies.

**IV.    Conclusion**

For all of the reasons discussed above, the Court concludes that Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

IT IS THEREFORE ORDERED THAT Plaintiff's Complaint (docket entry # 2) be, and it is hereby, DISMISSED, WITHOUT PREJUDICE.

IT IS FURTHER ORDERED THAT Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be, and it is hereby DENIED, as moot.

5

IT IS SO ORDERED THIS   6th   day of November, 2009.

                                                 _/s/Garnett Thomas Eisele_____
                                                 UNITED STATES DISTRICT JUDGE